UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEPHEN EUGENE KLINEBURGER, | CASE NO. 2:23-cv-00958-LK |
| Plaintiff, | ORDER DISMISSING CASE WITHOUT PREJUDICE |
| v. | |
| DOW CONSTANTINE et al., | |
| Defendants. | |

This matter comes before the Court following pro se Plaintiff Stephen Eugene Klineburger's response to the Court's September 27, 2023 Order to Show Cause. *See* Dkt. Nos. 5–6. For the reasons discussed below, the Court dismisses Mr. Klineburger's action without prejudice.

## I.   BACKGROUND

Mr. Klineburger initiated this action against Defendants Dow Constantine, Rick Ybarra, and Josh Baldi on June 26, 2023. Dkt. No. 1. Because Mr. Klineburger did not file proof that he timely served Defendants with a summons and a copy of his complaint in accordance with Federal Rule of Civil Procedure 4, the Court ordered Mr. Klineburger to show cause by October 18, 2023

why this action should not be dismissed without prejudice. Dkt. No. 5 at 2. Alternatively, the Court permitted Mr. Klineburger the opportunity to file proof that Defendants had in fact been timely served or had agreed to waive service, but cautioned him that if he did not demonstrate good cause for his failure to comply with Rule 4, the Court would dismiss his claims against Defendants without prejudice. *Id.*

On October 16, 2023, Mr. Klineburger filed a "Modified Petition" for "Redress of Grievances," with a summons of his own creation and an affidavit indicating that Defendants were mailed copies of his filings on October 13, 2023. Dkt. No. 6 at 1, 3, 48–52.

## II.   DISCUSSION

Federal Rule of Civil Procedure 4 requires a plaintiff to serve a defendant with a summons and a copy of the complaint and sets forth the specific requirements for doing so. *See* Fed. R. Civ. P. 4. Among those requirements are that the summons be signed by the clerk and bear the court's seal. Fed. R. Civ. P. 4(a)(F)–(G), (b). The failure to use a signed and sealed summons in "flagrant disregard" for the requirements of Rule 4(a)–(b) is grounds for dismissal. *Clancy v. Allstate Ins. Co.*, No. 20-CV-08668-BLF, 2021 WL 3861421, at *3 (N.D. Cal. Aug. 30, 2021); *see also* 4A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1088 (4th ed.) ("[W]hen the error . . . demonstrates a flagrant disregard of the requirements of Rule 4(a), as when the plaintiff or his attorney purports to issue and sign a federal summons," the district court is "likely to rule that a failure to comply precisely with Rule 4(a) cannot be cured by amendment" and "may dismiss the complaint, presumably without prejudice, for lack of proper service of process[.]").

In addition, Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The district court must extend the

90-day period upon a showing of good cause and, absent such a showing, retains broad discretion to dismiss the action or extend the period for service. *Id.*; *see In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001); *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). "[I]f good cause is not established, the district court may extend time for service upon a showing of excusable neglect." *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009).

In this instance, the Court finds that the defective summons, Dkt. No. 6 at 3, reflects the type of disregard for the form requirements of Rule 4 that warrants dismissal without prejudice because such defects cannot be cured by amendment. *See, e.g.*, *Clancy*, 2021 WL 3861421, at *3; *Alejo v. Wholesale Am. Mortg.*, *Inc.*, No. CV-14-08542-BRO (VBKx), 2015 WL 12806472, at *4 (C.D. Cal. Jan. 7, 2015); *see also Palmer v. Jacobson*, No. C09-1704-JCC, 2010 WL 5340769, at *2 (W.D. Wash. Dec. 17, 2010).

Moreover, Mr. Klineburger's attempted service was untimely: the affidavit of service accompanying the unsigned and unsealed summons is dated October 13, 2023, which is 112 days after his filing of the complaint on June 26, 2023. *See* Dkt. No. 1; Dkt. No. 6 at 48. Mr. Klineburger provides no explanation showing good cause or excusable neglect. *See, e.g.*, *Ghusar v. Park 'N Shade of Tuscon, Inc.*, No. 2:22-CV-00398-TLN-JDP, 2023 WL 3794294, at *3 (E.D. Cal. June 2, 2023); *Totty v. Spotify USA Inc.*, No. CV-21-00396-TUC-RM, 2022 WL 768141, at *2 (D. Ariz. Mar. 14, 2022).

The Court previously warned Mr. Klineburger that if his response to its Order to Show Cause did not show good cause for his failure to comply with Federal Rule of Civil Procedure 4(m), this action would be dismissed without prejudice. Dkt. No. 5 at 2. It does so now.

### III.   CONCLUSION

For the foregoing reasons, this action is dismissed without prejudice. The Clerk of Court is directed to mail Mr. Klineburger a copy of this Order at his last known address.

Dated this 19th day of October, 2023.

Lauren King
United States District Judge