UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEPHEN EUGENE KLINEBURGER,<br><br>    Plaintiff,<br>  v.<br><br>DOW CONSTANTINE et al.,<br><br>    Defendants. | CASE NO. 2:23-cv-00958-LK<br><br>ORDER REGARDING PLAINTIFF'S FILING |

This matter comes before the Court on pro se Plaintiff Stephen Eugene Klineburger's "Show Cause for Improper Service." Dkt. No. 11 at 1.

On October 19, 2023, the Court dismissed this case without prejudice for failure to comply with Federal Rule of Civil Procedure 4 and entered judgment. Dkt. Nos. 7, 8. On November 2, 2023, the Court struck summonses erroneously issued by the Clerk's office. Dkt. Nos. 9, 10. On November 8, 2023, the Court received an additional filing by Mr. Klineburger asking "the Court to recognize the patience that is necessary to be afforded to 'Non-BAR Attorney' litigant." Dkt. No. 11 at 2; *see id.* at 2–3 (citing various cases).

ORDER REGARDING PLAINTIFF'S FILING - 1

To the extent Mr. Klineburger's filing can be construed as a motion for reconsideration under Local Civil Rule 7(h), or alternatively, a motion pursuant to Federal Rule of Civil Procedure 59(e) or 60(b), the Court denies the motion.

Motions for reconsideration are disfavored under the local rules, and the Court "will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1); *see also Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (noting that reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources" (cleaned up)); *Santiago v. Gage*, No. 3:18-CV-05825-RBL, 2020 WL 42246, at *1 (W.D. Wash. Jan. 3, 2020) ("Mere disagreement with a previous order is an insufficient basis for reconsideration[.]"). Furthermore, movants are required to "point out with specificity the matters which the movant believes were overlooked or misapprehended by the court, any new matters being brought to the court's attention for the first time, and the particular modifications being sought in the court's prior ruling." LCR 7(h)(2). Here, Mr. Klineburger's motion for reconsideration is untimely, LCR 7(h)(2), and does not provide any new law or facts that might justify reconsideration of the Court's prior order. Rather, his argument appears directed at how the Court should have construed the merits of his claims—a topic the undersigned has not had occasion to consider in light of Mr. Klineburger's failure to comply with Rule 4. *See generally* Dkt. No. 7.

Reconsideration under Federal Rule of Civil Procedure 59(e) or 60(b) "is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262–63 (9th Cir. 1993). For the reasons discussed above, Mr. Klineburger also fails to meet this standard. Pro se litigants

are subject to the same procedural requirements as other litigants. *Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022). This entails strict compliance with applicable law, including but not limited to the Federal Rules of Civil Procedure and Local Civil Rules. *See Chan v. Ryan*, No. 22-CV-01796-LK, 2023 WL 197429, at *4 (W.D. Wash. Jan. 17, 2023). Failure to do so can result in dismissal. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam) (failure of pro se litigant to follow procedural rules justified dismissal of civil rights action); *see also Clancy v. Allstate Ins. Co.*, No. 20-CV-08668-BLF, 2021 WL 3861421, at *3 (N.D. Cal. Aug. 30, 2021).

Thus, to the extent Mr. Klineburger's filing can be liberally construed as a motion for reconsideration of the Court's October 19, 2023 Order and Judgment, or a motion pursuant to Federal Rule of Civil Procedure 59(e) or 60(b), the Court denies it.

Dated this 15th day of November, 2023.

Lauren King
United States District Judge

ORDER REGARDING PLAINTIFF'S FILING - 3